IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAYETANO ZAMMARRON,

Petitioner,

v. No. CV 09-0163 RB/GBW

JAMES JANECKA, and GARY K. KING, New Mexico Attorney General

Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on consideration of Cayetano Zammarron's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed February 17, 2009 (*Doc. 1*), and Respondent's Answer, filed May 26, 2009 (*Doc. 10*). Since Petitioner filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008). Respondent asserts that the petition is untimely and should be dismissed with prejudice. *See Doc. 10 at 5-9*. I agree and recommend the petition be dismissed as time barred.

After a bench trial , Petitioner was found guilty of Murder in the First Degree, Conspiracy to Commit Murder in the First Degree, a second degree felony, and

Attempted Fraud in Excess of $20,000, a third degree felony. *Doc. 10 at 2, 11.* Petitioner was sentenced to a term of life plus eighteen (18) years for a total incarceration period of forty-eight (48) years followed by two years parole. *Id. at 2, 12-13.* Petitioner raises four claims in his habeas petition including a speedy trial violation, due process violations, insufficient evidence, and ineffective assistance of counsel. *See Doc. 1 at 6-13*.

AEDPA, codified in part as 28 U.S.C. § 2244(d)(1), established a one year statute of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254. The statute begins to run from the latest of four possible time periods. *See* 28 U.S.C. § 2244(d)(1). For this petition, the statute of limitations began to run the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. § 2244(d)(1)(A). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Here, the last judgment and sentence challenged by Petitioner was entered on September 9, 1998. *Doc. 10 at 11-13.* Petitioner then timely filed a notice of direct appeal, on September 23, 1998. *Id. at 14-16.* On November 23, 1999, the Supreme Court of New Mexico filed its Decision affirming Petitioner's conviction. *Id. at 98-110.* Petitioner's direct appeal became final ninety days later, on February 21, 2000. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for

habeas purposes when the ninety-day period for filing a petition for writ of certiorari to the United States Supreme Court has expired); *see also* SUP. CT. R. 13. Therefore, the one year statute of limitations began to run on February 21, 2000.

The limitations period ran unabated for one hundred and sixty-five (165) days until August 4, 2000, when Petitioner filed his state habeas petition (*Doc. 10 at 112*). *See* 28 U.S.C. § 2244(d)(2).

The state habeas petition was denied on April 1, 2003. *Doc. 10 at 126-27.* The New Mexico Public Defender, counsel for Petitioner, never received a copy of the Order from the court. *See Doc. 10 at 6, 179.* On April 28, 2003, Petitioner filed a *pro se* Petition for Writ of Certiorari (*Id. at 128-35*), which was denied by the New Mexico Supreme Court on June 30, 2003 (*Id. at 178*). On April 12, 2007, the New Mexico Public Defender's Office filed a Motion to Set Aside Order Denying Petition for Writ of Habeas Corpus due to the State Court's failure to advise counsel that Petitioner's state habeas petition had been denied. *Id. at 179-85.* An evidentiary hearing was held on July 18, 2007, and the Order denying Petitioner's state habeas petition issued on April 1, 2003, was set aside. *See id. at 186-87.* On August 27, 2007, Petitioner filed a counseled Petition for Writ of Certiorari (*Id. at 188-94*), which was denied by the New Mexico Supreme Court on September 14, 2007 (*Id. at 195*).

"The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" a state prisoner's one-year period of limitation. 28 U.S.C. § 2244(d)(2). The Tenth Circuit has determined that the pendency of a state post-conviction application "encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies. . . ." *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Thus, the time period between August 4, 2000, when Petitioner first filed his state habeas petition, and September 14, 2007, the date the New Mexico Supreme Court denied certiorari of that petition, is tolled because Petitioner's state habeas petition was pending, and he was properly exhausting all available state court remedies. *See id.*

Since prior to filing for state habeas relief Petitioner had already used up one hundred and sixty-five (165) days of the statute period, on September 14, 2007, Petitioner had two hundred (200) days, or until April 1, 2008, to bring his federal habeas claim. However, Petitioner did not file his federal habeas claim until February 17, 2009, three hundred and twenty-two (322) days past the AEDPA deadline. *See Doc. 1.*

The one-year statute of limitations under AEDPA may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is appropriate

"only in rare and exceptional circumstances." *Gibson v. Kilinger*, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, Petitioner bears the burden of demonstrating that equitable tolling should apply. *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998). Here, Petitioner neither demonstrates that he diligently pursued his federal habeas claims, nor that failure to timely file his federal habeas petition was caused by extraordinary circumstances beyond his control.

Lastly, in Petitioner's reply, he contends that he is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel. *Doc. 1 at 2.* Since Petitioner did not timely file his federal petition, the merits of his constitutional claims need not be addressed and he is not entitled to an evidentiary hearing on the matter. *See Adams v. Lemaster*, 223 F.3d 1177, 1184 (10th Cir. 2000); *see also Miller v. Champion*, 161 F.3d 1249 (10th Cir. 1998).

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

The Petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. § 2244(d)(1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within**

**the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

UNITED STATES MAGISTRATE JUDGE