IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAYETANO ZAMARRON,

    Petitioner,

v.                                           No. CV 09-0163 RB/GBW

JAMES JANECKA, and GARY K.
KING, New Mexico Attorney General

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed his Proposed Findings and Recommended Disposition on June 24, 2009. *Doc. 12.* Petitioner Zamarron's Objections were filed on July 8, 2009. *Doc. 13.* I have carefully reviewed the objections *de novo* and I accept the Magistrate Judge's findings and recommended disposition. *See Garcia v. City of Albuquerque,* 232 F.3d 760, 766-67 (10th Cir. 2000).

Mr. Zamarron objects to the Court's recommended disposition, stating that (1) his petition was three hundred and twenty-two (322) days late because his attorney, Marc Gordon,[1] "failed to fulfill his obligation to assist [petitioner] properly and to

---

[1] Marc Gordon was Mr. Zamarron's counsel between on or about April 13, 2007 and September 14, 2007, when Mr. Zamarron was seeking state habeas relief. *See Doc.*

perfect [his] appeal" and (2) the Court should not rely on technical errors, but rather review his petition on the merits. *Doc. 13 at 2.*

As an initial matter, Mr. Zamarron did not allege in his petition that Mr. Gordon was ineffective for failing to perfect an appeal or on any other basis. *Doc. 1.* This Court is not required to consider this argument as issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Even if the Court were to excuse that waiver, this objection by Mr. Zamarron is without merit. Mr. Gordon became petitioner's counsel only after the filing of the July 31, 2007, Final Order on Petition for Writ of Habeas Corpus in which the state trial court denied petitioner's state habeas claim. *See Doc. 10, Exhibit N, O & P.* Although Mr. Zamarron claims that Mr. Gordon did not perfect his appeal, Mr. Gordon in fact filed a petition for writ of certiorari to the New Mexico Supreme Court seeking reversal of the state trial court's denial of his habeas claim. *See id., Exhibit P.* Unfortunately for Mr. Zamarron, the New Mexico Supreme Court denied the petition for writ of certiorari. *See id., Exhibit Q.* Nothing in the record indicates that the denial was based on some deficiency in the petition filed by Mr. Gordon on Mr. Zamarron's behalf. Moreover, the record contains a letter from Mr. Gordon to Mr. Zamarron informing him that his petition for certiorari had been denied, his next step would be to file a federal habeas

---

10, Exhibit N, O & P.

application, and that he was enclosing the form for him. *Doc. 1 at 34.* Consequently, there is no support for Mr. Zamarron's charge that Mr. Gordon was ineffective, let alone that such alleged ineffectiveness excuses petitioner's long delay in filing the instant petition.

Regarding Mr. Zamarron's second objection, the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 is not a mere technicality. "Congress created a one-year limitations period [in order] to streamline the habeas review process and to lend finality to state court convictions." *Duncan v. Walker*, 533 U.S. 167, 179 (2001). As discussed in the Magistrate's Report and Recommendation, this petition was filed 322 days past the deadline. *See Doc. 12.* Therefore, it is clearly time-barred pursuant to § 2244(d)(1). The Court accepts the Magistrate Judge's findings and recommended disposition.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Objections are overruled and the Magistrate Judge's Report and Recommendation (*Doc. 12*) is adopted.

2. Petitioner's claims are dismissed as time-barred pursuant to § 2244(d)(1), and this action is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE